UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EFRAIN BLANCO HERNANDEZ (A-Number: 099-619-663), | No.  1:26-cv-03647-KES-SAB (HC) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE |
| v. | |
| WARDEN, California City Detention Center, et al., | Doc. 1 |
| Respondents. | |

Petitioner Jose Efrain Blanco Hernandez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition, ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition, and subsequently ordered respondents to file a supplemental response clarifying certain facts.  Docs. 5, 9.  In their supplemental response, respondents state that "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  *See* Doc. 10.  While respondents oppose the petition, they do not raise any new arguments in either their initial response or

1

supplemental response.  *See id.* at 1–2.[1]  They also do not object to converting the motion and waive oral argument.  *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Jose Efrain Blanco Hernandez (A-Number: 099-619-663) immediately.  If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   June 4, 2026

UNITED STATES DISTRICT JUDGE

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which it argues could resolve the issues raised here.  *See* Doc. 7 at 2 n.1.  But Ninth Circuit precedent counsels against a stay in these circumstances.  *See Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) (finding district court abused its discretion by indefinitely staying immigrant detainee's habeas case pending resolution of an appeal in another case raising the same issue).  "[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy."  *Id.* at 1120.  An indefinite, potentially lengthy stay in a habeas case pending an appeal in another case is generally inappropriate.  *See id.*  The Court declines to effectively stay this case by deferring a ruling on the petition.

2